# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 22, 2014 Session

## ELIZABETH B. TURNER v. SELINA C. GAVIRIA

### Direct Appeal from the Circuit Court for Shelby County
#### No. CT-005725-11    Robert L. Childers, Judge

### No. W2013-01944-COA-R3-CV - Filed February 3, 2014

Plaintiff appeals the trial court's judgment in favor of Defendant in this action to recover amounts allegedly due under an oral loan agreement. We vacate the trial court's judgment and remand the matter for findings of fact and conclusions of law as required by Tennessee Rule of Civil Procedure 52.01.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Kevin A. Snider, Germantown, Tennessee, for the appellant, Elizabeth B. Turner.

Fred M. Ridolphi, Jr., Memphis, Tennessee, for the appellee, Selina C. Gaviria.

### MEMORANDUM OPINION[1]

This appeal arises from a December 2011 complaint filed by Elizabeth B. Turner (Ms. Turner) in the Circuit Court for Shelby County against her sister, Defendant Selina C. Gaviria (Ms. Gaviria), in which Ms. Turner sought to recover amounts allegedly loaned to Mr. Gaviria. In her complaint, Ms. Turner alleged that, "many years ago," she agreed to loan Ms. Gaviria $64,000 to be

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

used as a down payment on a home and for *in vitro* fertilization procedures.  She asserted that, although the agreement was not reduced to writing, Ms. Gaviria made payments on the loan until April 2001.  She further asserted that Ms. Gaviria "UNILATERALLY executed a document" offering to pay Ms. Turner a total of $32,000 at the rate of $100 per month for three years, and $300 per month thereafter for seven years, to commence when Ms. Gaviria's anticipated divorce became final.  She further asserted that Ms. Gaviria's husband made essentially the same offer, and that she neither accepted nor agreed to their offers.  Ms. Turner asserted that $35,000 remained due on the loan; that, on October 10, 2011, her legal counsel sent Ms. Gaviria written demand for payment in the amount of $35,000 within 20 days; and that Ms. Gaviria had refused to pay the balance owed.  She asserted claims for breach of contract and unjust enrichment and prayed for compensatory damages in the amount of $50,000, reasonable attorney's fees, prejudgment interest, and costs.

Ms. Gaviria answered in March 2012.  In her answer, Ms. Gaviria admitted that "monies were delivered to her" by Ms. Turner, asserted that she had repaid Ms. Turner in full "in the event there was a legal obligation to do so on her part[,]" and denied any obligation for further payments.  She asserted six defenses, including unenforceability of the alleged note; that the money was a gift; novation; accord and satisfaction; and the statute of limitations.

Following discovery, the trial court heard the matter in June 2013.  By order entered June 17, 2013, the trial court entered judgment in favor of Ms. Gaviria, finding her "not liable . . . for any damages" to Ms. Turner.  Ms. Turner filed a motion to alter or amend on June 25, which the trial court denied on August 2, 2013.  Ms. Turner filed a timely notice of appeal to this Court.

### *Issues Presented*

Ms. Turner presents the following issue for our review, as stated by her:

The Trial Court incorrectly applied the statute of limitations' start date in this matter to its June 17, 2013[,] judgment.

Ms. Gaviria, on the other hand, asserts the following issue, as stated by her:

Is the Trial Court's holding that [Ms. Gaviria] is not liable for money damages to [Ms. Turner] supported by a preponderance of the evidence adduced at trial?

### *Standard of Review*

We review a trial court's findings of fact *de novo* on the record and presume them to be correct unless the evidence preponderates otherwise.  Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013)(citations omitted).  We review a trial court's conclusions on issues of law, however, *de novo* with no presumption of correctness. *Armbrister*, 414 S.W.3d at 692 (citations omitted).

***Discussion***

We begin our discussion by noting that the trial court made neither findings of fact nor conclusions of law in either its June 2013 judgment or in its August 2013 order denying Ms. Turner's motion to alter or amend. The trial court supplied no basis for its judgment in its orders. As the parties' briefs and oral arguments demonstrate, the parties differ in their interpretation of the trial court's oral rulings at trial. The trial court did not incorporate its oral rulings into its written orders. It is well-settled that a trial court speaks through its written orders, not through statements contained in the transcripts, and that we review its written orders on appeal. *Alexander v. JB Partners*, 380 S.W.3d 772, 777 (Tenn. Ct. App. 2011)(citations omitted). Additionally, effective July 2009, Rule 52.01 of the Tennessee Rules of Civil Procedure was amended to require trial courts to make specific findings of fact and conclusions of law in all bench trials, regardless of whether the parties request them. Tenn. R. Civ. P. 52.01; *Bell v. Trull*, No. W2013–00398–COA–R3–CV, 2013 WL 5447289, at *3 (Tenn. Ct. App. Sept. 30, 2013)(citations omitted). Rule 52.01 provides, in relevant part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Tenn. R. Civ. Pro. 52.01. In the absence of written findings of fact and conclusions of law, we may be unable to review the trial court's decision effectively. *Id.* (citations omitted). In such cases, we generally will vacate the trial court's judgment and remand the matter to the trial court. *Watkins v. Watkins*, No. M2012–02378–COA–R3–CV, 2013 WL 4680456, at *4 (Tenn. Ct. App. Aug. 28, 2013)(citation omitted).

In the current case, we are unable to determine upon what findings of fact or conclusions of law the trial court based its judgment. As noted above, the parties also appear to be unable to definitively discern the trial court's factual findings or reasoning. Ms. Turner asserts the trial court's judgment was based on an erroneous conclusion of law with respect to the statute of limitations. Ms. Gaviria, on the other hand, asserts the trial court made a factual finding that she did not "owe" the sums demanded. At oral argument before this Court, she asserted that the trial court "may" have found novation, or accord and satisfaction, or no legal obligation to repay the disputed sums. Because we are unable to determine the basis for the trial court's judgment or to discern its factual findings, we are unable to review the matter and accordingly must vacate the judgment and remand this matter to the trial court.

***Holding***

In light of the foregoing, the trial court's judgment in favor of Ms. Gaviria is vacated. This

matter is remanded to the trial court for findings of fact and conclusions of law. Costs of this appeal are taxed one-half to the Appellee, Selina C. Gaviria, and one-half to the Appellant, Elizabeth B. Turner, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE